WILLIAM G. FAIST AND WILLIAM H. DAVIS, PROSECUTORS, v. THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN ET AL.

Argued November 1, 1904—Decided June 12, 1905.

1. Where the statute states that the municipal board or other body, in awarding contracts, shall only enter into them after bids shall have been advertised for, and then only with the lowest responsible bidder, who shall give satisfactory bonds or security for the faithful performance of the work, it is not within the power of the municipal board or body to award a contract to a higher bidder and reject the bid of a responsible bidder whose bid was lower than the person to whom the award was made.
2. Mere technical informalities or irregularities in the form of a bid will not defeat the right of the lowest bidder to have the contract awarded to him, and authorize the municipal board or body to award the contract to a higher bidder.
3. On an allegation that the lowest bidder is not a responsible bidder, or that other just cause exists for the rejection of his bid, he is entitled to be heard before his bid can be rejected. Such rejection cannot be made arbitrarily, but only upon facts establishing, to the satisfaction of the municipal board or body, the existence of the cause alleged as the ground for rejection.

---

On *certiorari.*

Before Justices FORT and PITNEY.

For the prosecutors, *Abel I. Smith & Mabon.*

For the defendant Antonio Padavano, *Leon Abbett.*

The opinion of the court was delivered by

FORT, J.　But a single question need be determined in deciding this case.

The writ brings up a resolution of the common council of the city of Hoboken, adopted August 24th, 1904, rejecting the bid of William H. Davis for the removal of garbage and ashes in the city and awarding a contract for such removal to Antonio Padavano, one of the defendants, for one year, for $6,495.

Bids for the work to be done were advertised for and seven bids were received. Two bidders were lower than the defendant to whom the contract was awarded, namely, William. H. Davis, the prosecutor, whose bid was $6,000, and Patrick H. Flaherty, whose bid was $6,400.

The statute authorizing the awarding of this contract by the city of Hoboken is the act entitled "An act concerning the collection, removal and disposal of ashes and garbage in cities of this state, and providing for the payment of the cost thereof," approved March 9th, 1896, as amended by act approved March 27th, 1902. *Pamph. L.* 1898, *p.* 56; *Pamph. L.* 1902, *p.* 200.

By this act bids must be advertised for at least two weeks prior to the time fixed for receiving the same, and a contract may be entered into "only with the lowest responsible bidder or bidders who shall give satisfactory bonds or security for the faithful performance of the work."

This statute is quite specific. Its meaning is not uncertain. The lowest responsible bidder is entitled to the contract. After the bids are opened he must be given a reasonable time to provide the bondsmen or security and to enter into the contract required. In practice the contract and bond is, of course, drawn by the counsel of the city and executed under his supervision. If a responsible bidder tenders himself ready to fulfill his bid by entering into the contract, and offers the

bondsman or security required, he is entitled to be awarded the contract as against any person whose bid was higher than his.

If there be an allegation that a bidder is not responsible, he has a right to be heard upon that question, and there must be a distinct finding against him, upon proper facts, to justify it. *McGovern* v. *Board of Works,* 28 *Vroom* 580.

There was no such allegation made against the prosecutor, so far as the proceedings returned disclose. His bid appears, by the report of the committee, to have been rejected for the following reason: "The bid of William Davis, who was the lowest bidder, is irregular and not in conformity with law, and we recommend that the same be rejected." And the committee's recommendation, for this reason, that the contract be awarded to the defendant Padavano, was adopted.

We think, under the statute above cited, this action was without warrant of law. In what respect the bid of the prosecutor was not in conformity with the law the return does not disclose, and we are unable to see.

Mere irregularity in a bid will not justify its rejection by a municipal body charged with a duty of awarding a contract to the lowest bidder. The form of the bid, not being embodied in the statute, is a regulation prescribed by the city, and failure to technically comply with the form required will not defeat the right of the lowest bidder to have the contract if, after the bids are opened, it appears there has been a substantial compliance with the requirements and he tenders himself ready to execute the requisite contract and furnish responsible bondsmen or good security, as was the fact in this case. The statute is intended to secure to the city the contracting of the work to the lowest responsible bidder, and mere irregularities in the form of the bid, or details of statement which do not in any way mislead or injure, are not sufficient to justify the rejection of such a bid. It is in the interest of the public that the lowest bid, though it be irregular, be accepted, and, if necessary, that the bidder have opportunity to correct an irregularity, while not changing the substance of his bid.

But we see no need for change or amendment of such a bid. The contract with the city is not the bid, but the written agreement executed after the bid is made, and if the irregular bidder executes this, with the proper sureties, in the form required by law, the city has secured all that the statute exacts for the protection of the officials making the contract, and at the same time secures the work to be done by the lowest responsible bidder, in the interests of the people. To secure this should be the aim of municipal officials without regard to technicalities or immaterial formalities in bidding. Anything done short of this is not a compliance with a statute which requires that a contract for the specified work shall only be entered into "with the lowest responsible bidder or bidders who shall give satisfactory bonds or security for the faithful performance of the work."

This view is in no way affected by the fact that the proposal reserves the right to the city to reject any or all bids. Such reservation confers no right to reject a lower and accept a higher bid. The officials may, under it, reject all bids if they deem none of them for the interest of the city, or they may reject the bid of any bidder irresponsible or unworthy for any just cause shown, after hearing; but they cannot, under such a reservation of right to reject "any or all bids," reject at will the bid of a lower and accept that of a higher bidder, all other things being equal. If such a proposal conferred such power, it would nullify the statute as to awarding contracts to the lowest bidder.

Even if there had been cause to reject the bid of the prosecutor in this case, there was no justification in awarding the contract to the defendant Padavano, as he was still a higher bidder than Flaherty, about the regularity of whose bid and his responsibility as a bidder not a suggestion appears in the record.

Other questions were discussed, but it is unnecessary to consider them.

The proceedings brought up are set aside with costs.