THOMAS HARRINGTON'S SONS COMPANY, PLAINTIFF IN ERROR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY ET AL., DEFENDANTS IN ERROR.

Argued November 18, 1909—Decided February 28, 1910.

1. When the legislature has framed a new and general rule covering a subject-matter, all earlier and different rules touching the same matter are to be discarded in favor of such later rule.
2. In awarding contracts for the removal of garbage the provisions of the one hundred and fifty-ninth section of the charter of Jersey City (*Pamph. L.* 1871. *p.* 1160) are superseded by the provisions of the General Garbage act of 1902. *Pamph. L., p.* 200.

On error to the Supreme Court.

The writ of *certiorari* in this case brought into the Supreme Court for review the action of the board of street and water commissioners and the mayor of Jersey City in awarding a contract to Henry Byrne for the removal of garbage for the fiscal year beginning December 1st, 1908. The chief ground of attack upon this municipal action was its noncompliance with the provisions of the Garbage act of March 27th, 1902 (*Pamph. L., p.* 200), which requires that contracts awarded under that act be given to "the lowest responsible bidder who shall give satisfactory bonds for the faithful performance of the work."

The prior acts of 1891 (*p.* 249), 1897 (*p.* 248), and the charter of Jersey City (*Pamph. L.* 1871, *p.* 1160) conferred

power to enter into such contracts, the limitation imposed by section 159 of the charter of Jersey City being that the contract should be awarded "to that responsible bidder who offers the terms most advantageous to the city." The case was heard before Mr. Justice Swayze, sitting for the Supreme Court, who filed the following opinion:

SWAYZE, J. The contract in question in this case for removing ashes and garbage was a contract for one year only. It is not necessary, therefore, for the defendants to appeal to the act of 1896 as amended in 1902. I am satisfied that that act is applicable only to the case of contracts for more than one year. There is no inconsistency between the act of 1902 and the act of 1897 (*Pamph. L., p.* 248), which expressly authorizes the board of street and water commissioners to remove, by contract or otherwise, ashes, offal, garbage and other refuse matter. This act is a supplement to the act of 1891, and is therefore to be read as if it were originally a part of that act, so far as concerns contracts subsequently made. *Farrell* v. *State,* 25 *Vroom* 421.

I think, therefore, that the board of street and water commissioners had power to make contracts for the removal of ashes and garbage regardless of whether or not the power was conferred by the act of 1891 as originally passed. Their manner of exercising this power must be regulated by the provisions of the Jersey City charter. By section 159 (*Pamph. L.* 1871, *p.* 1160) the contract must be awarded to that responsible bidder who offers the terms most advantageous to the city. If the provisions had been that the contract should be awarded to the lowest responsible bidder, it would have been necessary, before deciding adversely to the prosecutors on that question, to give them a hearing. *Faist* v. *Hoboken,* 43 *Vroom* 361.

I think that the conference between the representative of the prosecutors and some of the city officials was not such a hearing as is required, and if I thought the case were governed by the rule of Faist *v.* Hoboken, I should feel con-

strained to set aside the contract. I think, however, that this case presents a different situation. It is a simple matter to determine the single question of fact whether the lowest bidder is responsible; it is a very different matter to determine what terms are the most advantageous to the city, as required by the Jersey City charter, for this may depend upon a weighing of the relative importance of the difference in the money cost and the difference in favor of the character, experience and ability to perform the contract of the higher bidder. This was the situation presented here. As I stated at the oral argument, I am satisfied that the city officials acted honestly in the exercise of their discretion, and that there has been no abuse of power by them.

The case is governed by the same rule which was applied in *McGovern* v. *Board of Public Works*, 28 *Vroom* 580, although the language of the charter in that case was somewhat different.

The proceedings brought up by the writ of *certiorari* in this case should be affirmed, with costs.

For the plaintiff in error, *Harry B. Brockhurst* and *Adolf L. Engelke.*

For the defendants in error, *James J. Murphy* and *William D. Edwards.*

The opinion of the court was delivered by

GARRISON, J. We think that the court below reached an erroneous conclusion when it determined that the municipal action before it, was to be tested by the provisions of the Jersey City charter of 1871 and not by those of the General Garbage act of 1902. The initial error was in the interpretation of the general act of 1902 that denied its application to a contract for one year. The language of that act is as follows: "It shall and may be lawful for the common council, board of aldermen or other governing body having charge of the streets of any city of this state, to enter into and make

a contract or contracts, not exceeding the term of five years at a time, with any corporation or individual for the collection or removal of ashes and the collection, removal and disposal of garbage, and it shall be the duty of such common council, board of aldermen or other governing body of such city, during the continuance of such contract or contracts, to annually raise, by taxation, the sum needed to defray the expenses of such collection and removal of ashes and such collection, removal and disposal of garbage for the fiscal year then next ensuing provided such contract or contracts shall be entered into and made only after bids therefor shall have been advertised for in one or more newspapers published or circulating in said city for at least two weeks prior thereto, and then only with the lowest responsible bidder or bidders who shall give satisfactory bonds or security for the faithful performance of the work."

There is nothing in this language to support the contention that a contract for one year is not within its purview. The limitation is that the contract shall not exceed five years. This includes a contract for one year as completely as it does one for five years. The circumstance that some of its provisions are for contracts of more than one year does not nullify the expressed scope of the act.

In *Faist* v. *Hoboken,* 43 *Vroom* 361, in which the Supreme Court held that this act applied, and in *Townsend* v. *Atlantic City, Id.* 474, in which this court said that it applied, the contracts in each case were for one year.

If the Garbage act of 1902 applies to all contracts for a period not exceeding five years, it, by implication, repeals or is substituted for the charter provision of Jersey City upon the same subject upon the familiar doctrine that when the legislature frames a new and general rule covering an entire subject-matter all earlier and different rules touching the same matter are to be discarded in favor of such later rule. *Industrial School District* v. *Whitehead,* 2 *Beas.* 290; *Bracken* v. *Smith,* 12 *Stew. Eq.* 169; *DeGinther* v. *New Jersey Home,* 29 *Vroom* 354; *Smith* v. *Hightstown,* 42 *Id.* 536.

The charter of Atlantic City that was considered by this court in the Townsend case was passed on April 3d, 1902, i. e., after the passage of the Garbage act of March 27th, 1902, hence had the charter provided for the making of contracts it might have superseded the earlier act. Inasmuch, however, as it did not so provide there was no inconsistence as was pointed out by Mr. Justice Dixon in that case. The prosecutor's right, therefore, to be awarded the contract ought not to have been tested by the one hundred and fifty-ninth section of the charter of Jersey City, viz., whether he had "offered the terms most advantageous to the city," but by the act of 1902, viz., whether he was in fact the lowest responsible bidder and could give a satisfactory bond. Justice Swayze, in his opinion, recognized and admitted that under the act of 1902 the plaintiff in error should have been heard before his bid was rejected. In this he was clearly correct. *Faist* v. *Hoboken, supra.*

He also found, as a fact, that no such hearing was given to the rejected bidder. There was proof to support this finding, hence it is not only conclusive upon us, but also is conclusive of the case, as the court below recognized, if the act of 1902 was to govern.

The judgment of the Supreme Court is reversed and the award to Byrne set aside.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, GARRISON, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 14.