GENERAL MOTORS ACCEPTANCE CORPORATION, A CORPORATION, APPELLANT, v. JOSEPH M. SMITH, RESPONDENT.

Submitted November 10, 1924—Decided January 19, 1925.

The F. Co. sold to D., under a conditional sale agreement, a motor car. The agreement was duly recorded. The F. Co. then assigned its interest in the agreement to the G. M. Acceptance Corp. D. sold to S. the car in violation of the terms of the agreement. The acceptance corporation then demanded from S. possession of the car. The demand was refused. Acceptance corporation instituted a replevin action against S. The trial court nonsuited the plaintiff on the ground that the assignment to plaintiff did not transfer the absolute title to the car, and such title could

only be obtained by compliance with chapter 168 of the laws of 1919. *Held*, (1) that chapter 168 of the laws of 1919 did not apply to a transfer of the seller's interest. in a conditional sale agreement; (2) that a special property in a chattel is all that is required to maintain an action in replevin; (3) that the judgment of nonsuit should be reversed.

On appeal from the Essex County Circuit Court.

For the appellant, *Porter, Zink & Lafferty.*

For the respondent, *Mulligan & Koenig.*

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal from a judgment of nonsuit entered at the trial of a replevin action instituted in the Essex County Circuit Court. The Foley Chevrolet Motor Sales Company entered into a contract of conditional sale with one Richard Dietzel, of Newark, by which the Foley company agreed to sell and Dietzel agreed to buy upon the installment plan one new Chevrolet car. The contract was in the usual form of such an agreement, reserving title in the seller until the car was fully paid for, and requiring that the purchaser shall not transfer any interest in the contract or property while the contract remains unperformed. The contract was dated March 20th, 1923. On March 22d, 1923, it was duly recorded in the office of the register of deeds of Essex county. Dietzel received from the Foley company delivery of the car. The Foley company then assigned its interest in the contract by an instrument in writing to the General Motors Acceptance Corporation, and endorsed the notes given by Dietzel to the same corporation. Dietzel then attempted to sell to Joseph M. Smith the car in violation of the terms of the conditional sale agreement. The General Motors Acceptance Corporation made a demand upon Smith for the car which he had received from Dietzel. The demand was refused. The replevin suit was then commenced by the acceptance corporation against Smith.

These facts were proven at the trial by the plaintiff. At the conclusion of the plaintiff's testimony the defendant

moved for a nonsuit upon the ground that the assignment of the conditional sale agreement did not transfer to the plaintiff the title reserved by the Foley company, and for that reason the plaintiff could not maintain its action. The motion was granted. The court, in effect, ruled that it was necessary for the plaintiff to have the absolute legal title to the car, and that the plaintiff could only acquire such absolute legal title by compliance with chapter 168 of the laws of 1919. *Pamph. L.* 1919, *p.* 357.

From this judgment of nonsuit the acceptance corporation has appealed.

In directing the entry of a nonsuit, we think the trial court erred. In the first place it was not necessary that in the transaction between the Foley company and the acceptance corporation there should have been a compliance with chapter 168 of the laws of 1919. The purpose of that act was to prevent the sale of stolen automobiles. This is clearly indicated by the provisions of the act which require that every motor vehicle sold or purchased shall contain a manufacturer's number, and which prohibits the sale or purchase of motor vehicles having obliterated or altered numbers. Throughout the act it deals with sales and purchases of motor vehicles. These terms are used in the ordinary sense of absolute sales and purchases where title passes with the delivery of the motor vehicle.

The two sections of chapter 168, laws of 1919, upon which the trial judge rested his decision are section 4 and 5 of the act. These read as follows: "Section 4. In all sales or purchases of a motor vehicle directly from the manufacturer or through an agent or agency of such manufacturer, there shall be issued to the purchaser a manufacturer's bill of sale, which bill of sale shall contain the manufacturer's number on the engine or motor of the motor vehicle so sold."

"Section 5. In all other sales or purchases of motor vehicles the original bill of sale shall be assigned by the seller to the purchaser by an assignment witnessed by two persons and acknowledged by the seller before a notary public."

The scheme of these sections is clear. When a manufacturer sells a motor vehicle directly or through an agent or agency, the purchaser receives a manufacturer's bill of sale containing the manufacturer's number on the engine or motor of the motor vehicle sold. In all other sales or purchases of motor vehicles the original bill of sale (which is the manufacturer's bill of sale) is to be assigned by an assignment, witnessed by two persons, and acknowledged.

There are, however, many cases arising where parties who have not sufficient funds to pay the entire price for a motor vehicle desire to purchase one. In these cases, to enable a sale and purchase to be made, the modern method of entering into an agreement to buy and sell is made use of. In this way the party desiring to buy the motor vehicle is able to obtain the possession of it for use, and the seller retains as security for the payments to be made the title to the motor vehicle. If the payments are not met the seller, under the terms of the conditional sale agreement, may retake possession of the motor vehicle. This method of sale and purchase has grown with the increased production of motor vehicles. The large manufacturers of motor vehicles have formed to aid their distributors and agents in handling the financial problem growing out of these conditional sales agreements, finance or acceptance corporations, of which the plaintiff in this case is one. The method of purchase and sale under a conditional sale agreement has been in use for many years. Statutes governing conditional sale agreements have been enacted. These statutes aim to protect both parties to the conditional sale and purchase in their respective rights, and also to extend protection to those who, by reason of the delivery of the possession of the chattels to the conditional vendee, might suffer loss by the attempted purchase thereof if not notified that the conditional vendee is not in a position to give an unqualified title to the chattel. This notice is given by the recording of the conditional sale agreement. In 1919 our legislature revised the Conditional Sales act to make it uniform. This act stands by itself. It is not to be read with or to have grafted upon it the act relating to the

purchase and sale of motor vehicles (chapter 168, laws of 1919) to which reference has been made. The transaction in the present case is governed solely by chapter 210 of the laws of 1919 (Conditional Sales act). The provisions of this act were complied with by the Foley company. The conditional sale agreement was recorded as provided in this statute. Smith was apprised by the record that Dietzel could give him no title to the car. The Foley company, owing to the breach of the agreement by Dietzel in delivering possession of the car to Smith, could have recovered possession of the car from Smith by a replevin action had it not transferred its rights in the conditional sale agreement to the acceptance corporation. There is nothing in the Conditional Sales act which prohibits the assignment of the interest of the seller. In fact, a transfer of the seller's interest in the subject-matter of the conditional sale is sanctioned by the first section of the act which contains the definition of seller. The act says, "seller means the person who sells or leases the goods covered by the conditional sale, *or any legal successor in interest* of such person." The assignment by the Foley company to the plaintiff gave the plaintiff every right the Foley company had. It was an absolute transfer of the seller's property and interest in the conditional sale agreement, and the motor vehicle mentioned therein, without the right of redemption. By this assignment the acceptance corporation became the "legal successor in interest" of the Foley company. It was entitled to every right the Foley company would have had if it had not made the assignment. One of those rights was the right to retake the motor vehicle in the event of a breach of the conditional sale agreement.

An absolute legal title to a chattel is not required to maintain a replevin action as held by the trial judge in the present case. A special property in the chattel is all that is required to maintain an action in replevin, as pointed out by Mr. Justice Kalisch in the opinion written by him in the case of *Conlen* v. *Lemmerman,* 87 *N. J. L.* 84. This special property the plaintiff had in the present case.

The judgment of nonsuit is reversed and a *venire de novo* awarded.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, PARKER, BLACK, LLOYD, JJ. 5.

*For reversal*—TRENCHARD, MINTURN, KATZENBACH, CAMPBELL, WHITE, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 9.