I have examined and considered the petition, affidavits, supporting affidavits and answering affidavits and have also read and considered the briefs submitted by the solicitors of the complainant and of the defendant Brunswick-Balke-Collender Company. The facts necessary for my consideration of this matter are not in substantial dispute. These facts are that the complainant sold and conveyed to one Gibson certain lands and the building thereon erected, the purchaser giving to the complainant and another a mortgage of $4,000 in part payment of the purchase price of the premises. Subsequently the defendant Brunswick-Balke-Collender Company installed bowling alleys in the premises and took a chattel mortgage thereon to secure the payment of a part of the purchase price thereof. The amount of this chattel mortgage is not stated in the papers submitted. It may be immaterial. Subsequently Gibson gave to the Monmouth Title and Mortgage Guaranty Company a mortgage for $7,500, out of the proceeds of which $2,500 was paid on the *Page 81 
$4,000 mortgage above mentioned. It was arranged to postpone the lien of complainant's mortgage to that of the Monmouth Title Company, but instead, it was finally agreed to cancel it and the complainant then took a new mortgage for $1,500 for the remaining unpaid balance of the original $4,000 mortgage. The complainant's mortgage is now in default and is in process of foreclosure in this suit. He filed a petition herein asking for the appointment of a receiver pendente lite and a receiver has been appointed. He also asked in that petition that the defendant Brunswick-Balke-Collender Company, the chattel mortgagee, be restrained from proceeding with a sale of the bowling alleys under its chattel mortgage. Preliminary restraint was granted on the order to show cause and continued pending decision of the questions here involved. The only facts in dispute are with respect to the extent of the annexation of the bowling alleys to the realty, but as I view the matter this is not a controlling factor. The inference arising from the annexation of personal property to real estate is an inference of fact, not a conclusion of law. Gibbs v. Cooper, 86 N.J. Law 226. The question of intention or the agreement of the parties is very often controlling. Ibid. And in the instant case the execution and delivery of the chattel mortgage is a strong indication that the parties intended that the bowling alleys should retain their character as personalty and had so agreed. But it is not necessary for me to rest my decision on this inference of fact, as I think this matter must be controlled by the decision of the court of errors and appeals in Campbell v. Roddy, 44 N.J. Eq. 244.
There the contest was between a mortgagee of the realty and a subsequent equitable mortgagee of chattels which were annexed to the realty subsequent to the giving of the mortgage on the realty, and it was held that the lien of the chattel mortgage would be protected so far as it would not diminish the security which the real estate mortgagee would have had if there had been no annexation. As the court there said (at p. 253), my view does not rest upon an "agreement which preserves *Page 82 
the chattel nature" of the property; "it rests upon an equitable preservation of the lien upon chattels after they are transmitted into realty."
Counsel for complainant in the instant cause argues that complainant's mortgage should be considered as a part of the original $4,000 mortgage; in other words, that the complainant, as mortgagee, should be accorded the same rights in this controversy as he would have had if the original $4,000 mortgage had been postponed to the lien of the Monmouth Title Company's mortgage instead of canceled and a new mortgage executed. I agree with this contention.
The new mortgage was for a part of the original debt, not for a new loan, and was merely a convenient arrangement to give priority to the Monmouth company's mortgage. The Brunswick-Balke-Collender Company was not a party to this transaction and it cannot prejudice its rights. The complainant's rights as against this defendant were neither increased nor decreased by reason of this change in position. While there is no doubt that the chattel mortgage here involved would be void as against creditors and subsequent purchasers and mortgagees in good faith by virtue of the provisions of the Chattel Mortgage act, because it was not immediately recorded within the meaning of that act (Bollschweiler v. Packer House Hotel Co., 83 N.J. Eq. 459; Stanber v. Sims Magneto Co., 98 N.J. Eq. 38; Pincus
v. United States Dyeing and Cleaning Works, 99 N.J. Eq. 160), it is not void as between the parties themselves; that is, as between Gibson and the Brunswick-Balke-Collender Company.Seacoast Finance Corp. v. Cornell, 104 N.J. Law 24. The rights of the defendants Harris, who now hold the record title, are not involved in this application. But the complainant is not in a position to attack the chattel mortgage because of the failure to immediately record it. He is not a creditor of the mortgagor, nor is he a subsequent purchaser or mortgagee within the meaning of the act. Campbell v. Roddy, supra. It follows, therefore, that the complainant is not entitled to a continuance of the restraint against this defendant. *Page 83 
The chattel mortgage is, however, merely security for the unpaid purchase price of the bowling alleys. What that amount is the affidavits do not disclose; but if it is less than the value of the bowling alleys when removed from the premises the chattel mortgage defendant will be required to pay over the surplus on sale to the complainant if there is a deficiency on his mortgage, or to the record holder of the title if there is no such deficiency. In any event, if the bowling alleys are removed, the chattel mortgagee defendant will be required to restore the building to as good a condition as it was before the alleys were installed therein. I will advise an order in accordance with these conclusions.