SAMUEL LIFSCHITZ et al., complainants,

*v.*

VORCLONE CORPORATION et al., defendants.

[Decided February 13th, 1930.]

*Mr. Morris Roth,* for the complainants.

*Messrs. Green & Green,* for the defendants.

BUCHANAN, V. C.

Complainants are owners of land and building leased by them to Brunswick Cleaners and Dyers Company. The lat-

ter purchased some machines from defendant Vorclone Company (a foreign corporation), on conditional sale contracts which were filed according to section 6 of the Uniform Conditional Sales act (*P. L. 1919 p. 461*), but the statement "describing the realty," required by the third clause in section 7 of the statute was not filed. The Brunswick company defaulted in its payments and the Vorclone company replevined the goods. The Brunswick company is in arrears for rent, and complainants filed their bill to restrain the Vorclone company and the sheriff from removing the machines, and an order to show cause was issued on application for *pendente lite* restraint.

On the proofs at the hearing of the order to show cause, it clearly appears that the articles sought to be replevined are of three classes. (1) Some are not in anywise attached to the realty: as to these complainants are not entitled to restraint. (2) Some are tanks and pipes buried underground: as to these I think complainants are entitled to *interim* restraint. (3) The majority are machines and motors resting on the floor, with screws through the feet into the floor to keep them steady; some have removable connections to steam pipes which are a part of complainants' realty (in order to lead steam into the machines); and there is some shafting affixed to walls by screws to hold it steady.

Complainants rely on the third clause of section 7 of the act aforesaid, which reads as follows:

"As against the owner of realty the reservation of the property in goods by a conditional seller shall be void when such goods are to be so affixed to the realty as to become part thereof, but to be severable without material injury to the freehold, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are to be affixed thereto, shall be filed before they are affixed, in the office where a deed would be recorded or registered to affect such realty."

The question is, are these goods "so affixed to the realty as to become part thereof?"

The statute does not define what constitutes such affixation, and the question seems *res nova* under the statute.

My conclusion is that these goods are not so affixed to the realty as to become part thereof. The fastenings are simply for convenience, were not intended to make them part of the realty, and do not do so in fact. Moreover they are clearly severable without material injury to the freehold, and hence complainants can suffer no irreparable damage.

The *pendente lite* restraint will be granted as to tanks and pipes buried underground, but will be denied (and the *interim* restraint discharged) as to the other articles.

No costs to either party.