This is a bill to enjoin defendant from removing gas ranges and refrigeration compressors, motors and ice boxes sold by the defendant to the Paramount Holding Company under two conditional sales agreements. They were installed by the purchaser in a building on which complainant subsequently took a mortgage which it later foreclosed.
The conditional sales agreement covering the gas ranges provided for delivery at premises in question. The defendant did not agree to, nor did it, install the ranges. The sales agreement expressly provided that "there shall be no permanent attachment to the realty, but they shall be so attached by movable screw joints or otherwise, so as to be easily severable, without material injury to the freehold." *Page 69 
The conditional sales agreement covering the refrigeration equipment provided for installation of compressors, freezing coils and refrigerators, but expressly excluded electric wiring, conduit and outlet boxes. This seems to exclude anything that would damage the freehold. The contract, moreover, provided that "there shall be no permanent attachment to the realty but they shall be attached by movable screw joints, or otherwise, so as to be easily severable without material injury to the freehold."
The conditional sales agreements were recorded. Separate identical sales agreements were filed but were not recorded.
Subsequent to the recording of the agreement in the mortgage books, defendant executed a postponement agreement which recited that the purchaser had executed and delivered to complainant a mortgage embracing the premises in question, and then provided that the lien of the conditional sales agreements shall be subject to the lien of complainant's mortgage.
The defendant is still unpaid.
As I said during the course of the hearing, I do not see anything in this case except whether, as a matter of law, these things are personal property or real estate.
Both conditional sales agreements provide that "in the installation of said equipment, there shall be no permanent attachment thereof to the realty, but they shall be so attached by movable screw joints or otherwise, so as to be easily severable without material injury to the freehold."
The purchaser having expressly agreed, could not repudiate his agreement and prevent removal. The complainant who succeeded to his interest, therefore, is in no better position and cannot repudiate.
The retention of title under conditional sales agreement by vendor of chattels to be attached to real estate expresses the intention that such chattels shall not become part of the realty and therefore do not become part of the realty. In the cases ofGeneral Electric Co. v. The Transit Equipment Co. andMetropolitan Trust Co. v. The Union Traction Co., both57 N.J. Eq. 460, it appears that motors, controllers, trolley poles, electric generators, and a switchboard spiked into a brick wall, *Page 70 
were sold under a conditional sales agreement. A mortgagee contended that the property after being so affixed was covered by its mortgage, but Vice-Chancellor Pitney held that the sale of personal property, under a conditional sales agreement, which personal property was later affixed to the realty, did not become a portion of the realty. Lifschitz v. Vorclone Corp., 8 N.J.Mis. R. 83, is a similar case. See, also, Kramer v. Yocum,104 N.J. Eq. 79. See, also, Crown v. Regna Construction Co.,104 N.J. Eq. 469, in which Vice-Chancellor Fallon said:
"The aforesaid act alters the fixture rule, established as a general rule of law prior to its enactment, wherein the intent of the parties to a conditional sale contract was regarded as the paramount test as to whether chattels affixed to realty so as to become part thereof should remain personalty or not. InHarrington's Sons Co. v. Jersey City, 78 N.J. Law 610;75 Atl. Rep. 943, it is said that when the legislature frames a new and general rule covering an entire subject-matter, all earlier and different rules touching the same matter are to be discarded in favor of such later rule. In General Motors Acceptance Corp. v.Smith, 101 N.J. Law 154; 127 Atl. Rep. 179, the court, referring to the Uniform Conditional Sales act, supra, said, `this act stands by itself.'"
Complainant also contends that the foreclosure action cut off defendant's rights. The mortgage, as I see it, covered only real property. Its foreclosure, therefore, could not affect personal property. See General Electric Co. v. The Transit EquipmentCo., supra. I shall find that the property covered by the conditional sales agreements can be removed without injury to the freehold; that the parties agreed that the chattels should retain their character as personalty, and that complainant's mortgage affected real estate only. I cannot see where any estoppel arises. I will, therefore, advise a decree that complainant's bill shall be dismissed. *Page 71