Domestic Electric Company, Incorporated, the petitioner in this proceeding, prays that the receiver in foreclosure of certain premises be directed in the alternative at his option to either pay for certain compressors and coils or deliver them to the petitioner. The receiver opposes the application on the ground that the mortgage in process of foreclosure gives him a lien on them.
The compressors and coils are part of a refrigerating system in which compression is effected in the basement of the *Page 350 
apartment and refrigerating gases pass by a pipe system to the individual coils in the various refrigerator boxes in the different apartments. The petitioner makes no claim to any right or interest in or to the piping which is within the walls of the premises or to the refrigerator boxes. The compressors can easily be detached from connections with the piping and readily removed from their position on their bases in the basement, and the coils can likewise be easily unscrewed from the other end of the piping and removed, both without any defacement to the building. The conditional bill of sale provides:
"1. Title to said property shall not pass to the purchaser until said amount is fully paid in cash.
2. The property shall remain strictly personal property whether placed upon a permanent foundation or in what manner affixed or attached to the building or structure in which it may be contained."
A situation almost identical with the present proceeding arose in the case of Manufacturers Building and Loan Association ofNewark v. Public Service Electric and Gas Co., 106 N.J. Eq. 68.
Here the court held that the vendor under conditional sales agreement had the right to remove inter alia refrigeration compressors and coils. The reasoning in that case seems decisive of the matter before me. Of similar tenor is the decision inLifschitz v. Vorclone Corp., 8 N.J. Mis. R. 83;148 Atl. Rep. 899.
The relief prayed for will be granted. *Page 351