Passaic District Court.

PUBLIC SERVICE ELECTRIC AND GAS COMPANY, A COR-
PORATION, PLAINTIFF, v. BENJAMIN SANFORD, DE-
FENDANT.

Decided July 13, 1932.

For the plaintiff, *Perlman & Elias.*

For the defendant, *Louis A. Cowley.*

Perretti, J. This case was submitted on an agreed state
of facts involving substantially the following situation:

On June 12th, 1929, the plaintiff sold a certain Kelvinator
machine and equipment to one Joseph De Santis for $202.50,
under a conditional sales agreement, specifying *inter alia*
the times for payments thereunder. No payments have ever
been made on account of the obligation represented by this
instrument. The conditional sales agreement, together with
a statement purporting to describe the premises in which the
Kelvinator was to be placed, and the method of annexation
thereto was filed in the office of the register of deeds for
Passaic county, on June 21st, 1929. Thereafter, the prem-
ises were sold to the defendant in this action. It appears
further, and on this arises the principal point of contention
between the parties, that the description of the premises in
the statement above referred to consisted of a street name
and number, which was incorrect, and a lot and plot number

in a municipal map, which were correct, and described the premises in which the Kelvinator was actually placed, and which were sold to the defendant accurately: also that the conditional sales agreement itself, designated the correct street name and number as the place of delivery. The parties stipulate also that the defendant had no actual notice of the conditional sales agreement at the time he bought the property. The plaintiff now sues the defendant in replevin for a return of the Kelvinator.

Counsel for the plaintiff contends: (1) that the filing, as above set forth, is a sufficient compliance with section 7 of the Uniform Conditional Sales act; and (2) that under the facts of this case, no filing of a statement with the conditional sales agreement is required. Counsel for the defendant in answer says that where two descriptions within the same statement conflict, neither is of any effect and the result is as if no statement had been filed. Both counsel cited various authorities in support of their contentions.

I have first considered the second contention of plaintiff for the reason that if plaintiff is correct in that contention, it would be unnecessary to determine the remaining questions in the case. It is not clear from the stipulated set of facts whether the defendant actually dealt with the Kelvinator as personalty, or bargained for it separately at the time he purchased the property. If it had appeared that the defendant had regarded this chattel as personalty, and if he had notice, actual or constructive, on the conditional sales agreement, a compliance with section 7 of the Conditional Sales act would not have to be shown in order for the plaintiff to prevail. Since this does not appear, it must be presumed that the defendant bargained for the realty only, and as including the Kelvinator in question.

Chapter 210, laws of 1919, paragraph 7, reads:

"If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become part thereof, but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title,.

unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are or are to be affixed thereto, shall be filed before such purchase in the office where a deed of the realty would be recorded or registered to affect such realty."

It is contended by the plaintiff that because of the character of the attachment of the chattel in question, this plaintiff was not obligated to file the notice in accordance with the aforementioned provision. While the method of annexation is admittedly such that the Kelvinator could easily be removed without damage to the realty, that fact by itself does not, to my mind, relieve the plaintiff from the necessity of filing a statement containing the description. That statement, which statement it must be borne in mind is that of the plaintiff itself, says, among other things, that it has— "by agreement attached the said equipment therein described to be attached to said realty * * * so as to be easily severable without material injury to the freehold. This statement is made and given in order to file the same as provided in said act in the office where a deed will be recorded and registered to affect such realty."

Plaintiff cannot now repudiate its own agreement and statement. The factor of the intention of the parties seems to me to be an important element to be considered. In none of the cases cited by the plaintiff do I find that the element of intention is held to be immaterial. I do find, however, that in the case of *Manufacturers Building and Loan Association of Newark* v. *Public Service Electric and Gas Co.,* 106 *N. J. Eq.* 68; 150 *Atl. Rep.* 196, the court stated:

"The purchaser, having expressly agreed, could not repudiate his agreement and prevent removal.

"The retention of title under conditional sales agreement by vendor, of chattels to be attached to real estate, expresses the intention that such chattels shall not become part of the realty."

Considering the intention of the parties, so that I might give effect to such intention, and considering that the article in question is so attached as to be severable without injury

to the freehold, I feel that the plaintiff was obligated to file the statement required by the statute for this form of annexation.

It is necessary to determine, then, whether the statement required having actually been filed, complies with the requirements of section 7. The defendant admits that if the realty had been correctly described in the statement filed, plaintiff would be entitled to the possession of the Kelvinator. The defendant further contends, however, that notwithstanding that the statement filed describes the premises by lot and plot number, with reference to the municipailty assessment map, correctly, that because the notice also reads "14 Woodward Avenue," which is incorrect, that the notice is bad. I do not think that this is so.

It is my thought that where the description is indicated as in this case, by street number and name, and also be by a lot and plot number in the municipal map, and these descriptions conflict, the street name and number should be disregarded and the lot and plot number should prevail. And even if this last be not true, as I read the statute under which this notice is required to be filed, the only purpose was to give notice either actual or constructive to subsequent purchasers.

Surely, the defendant cannot say that he had no notice because he chose to disregard the correct address by reason of the statement also containing the incorrect address. The situation, to my mind, is not analagous to a situation urged by the defendant, of a misdescription in a deed causing that deed to be void for uncertainty.

The purpose of the filing was to give notice. The statement contained the correct address and the defendant had notice as to that address. It does not appeal to me that merely because an additional and incorrect address is contained in the notice, that the defendant can say either that he had no notice, or that he was justified in disregarding the notice of the correct address.

For these reasons, judgment for possession should be entered in favor of the plaintiff.