56 N.J. Super. 199 (1959)
152 A.2d 369
P. MICHELOTTI & SONS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
BOROUGH OF FAIR LAWN, IN THE COUNTY OF BERGEN, ETC., DEFENDANT-RESPONDENT AND JOEL TANIS, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued June 8, 1959.
Decided June 10, 1959.
*200 Before Judges GOLDMANN, FREUND and HANEMAN.
Mr. Frank W. Shershin argued the cause for appellant.
Mr. Samuel S. Black argued the cause for respondent Borough of Fair Lawn.
*201 The opinion of the court was delivered by GOLDMANN, S.J.A.D.
The Borough of Fair Lawn advertised for bids for the construction of a public improvement. The specifications and the advertised notice to bidders called for a certified bid check in not less than 10% of the amount of the bid, to accompany the bid proposal. The notice also contained a provision that the borough "reserves the right to waive any informality in the bids received." There were three bids: (1) Concrete Construction Co.'s, $6,683; (2) plaintiff's, $6,390; and (3) that of defendant Joel Tanis & Sons, Inc., $6,304. The first two were accompanied by the required certified checks; the Tanis bid was submitted with an uncertified check in the amount of 10% of the bid. The governing body accepted the latter as the lowest responsible bid and adopted a resolution awarding Tanis the construction contract. The Tanis check was later certified.
Plaintiff filed a complaint in lieu of prerogative writs seeking to invalidate the resolution and to have the borough award it the contract. There was a temporary restraining order enjoining the performance and enforcement of the contract. The borough then moved to vacate the restraint. By stipulation of counsel the matter was presented for final determination as though on cross-motions for summary judgment. The matter was resolved in favor of the borough, and final judgment entered vacating the temporary restraint and dismissing the complaint with costs. This appeal followed.
Plaintiff claims that Tanis failed to comply with the specifications by not presenting a certified check with its bid; that its failure to do so was a material and substantial irregularity; that the non-compliance, being substantial, could not be waived by the borough; and that it was required under N.J.S.A. 40:50-1 to award the contract to plaintiff as the lowest responsible bidder. We cannot agree.
The purpose of the bidding statute, N.J.S.A. 40:50-1, is to secure competition and to guard against *202 favoritism, improvidence, extravagance and corruption, and this for the benefit of the public and not the bidders. Hillside Township v. Sternin, 25 N.J. 317, 322 (1957). The statute does not direct that a municipality demand that a deposit accompany a bid. Nonetheless, a municipality may require some form of security as a guarantee that the contract will be entered into if the bid is accepted. Ibid., at page 323.
Since the statute is intended to secure to the municipality the contracting of the work to the lowest responsible bidder, mere irregularities in the form of the bid are not sufficient to justify its rejection as long as there is substantial compliance with the requirements of the specifications.
"* * * It is in the interest of the public that the lowest bid, though it be irregular, be accepted, and if necessary, that the bidder have opportunity to correct an irregularity, while not changing the substance of his bid." Faist v. Hoboken, 72 N.J.L. 361, 363 (Sup. Ct. 1905).
In the Hillside Township case the court, after noting that the significance of the expression "lowest bidder" is not restricted to the amount of the bid, but means also that it conforms with the specifications, said that "Minor or inconsequential variance and technical omissions may be the subject of waiver," citing, among other authorities, the Faist case and 10 McQuillin, Municipal Corporations (3d ed. 1950), § 29.78, p. 364, where it was said that "mere irregularities in the form of the bid will not justify its rejection, for these may be corrected after being opened on entering into the contract."
In Hillside Township the bidder failed to submit any check whatsoever, and the court therefore held the bid nonconforming, so that the township could not accept it. Such is not the case here. As noted, the municipality reserved the right to waive informalities in the bids. Tanis submitted a check in the proper amount, albeit uncertified; the governing body waived this minor irregularity, and the check was *203 later certified. The waiver in no way affected fair and competitive bidding. This was not a case of a "material departure," "substantial non-compliance," or a "substantial variance" which would stand in the way of a valid contract and which could not be waived by the borough, as in some of the cases cited in Hillside Township, at pages 324-327.
There is no charge here of fraud, injustice, lack of good faith on the part of the governing body, or abuse of discretion. The complaint was properly dismissed.
Affirmed.