The bill is to foreclose a building and loan mortgage on an apartment house. The mortgage was executed and recorded after the building was commenced. Part of the proceeds of the mortgage was applied to the erection of the *Page 423 
building and the balance was paid to the mortgagor's use in various ways in connection with the title and the mortgage in suit. The contesting defendants are mechanics' lien claimants who subordinated their claims to the lien of the mortgage. The master to whom the matter was referred, found that the mortgage was the first and prior lien to the amount of its face value, $160,000, with interest. The defendants filed exceptions. They seek to rescind their subordination agreements for fraud, asserting that upon part payment of their claims they signed the agreements upon the promise of the complainant's attorney to pay their balances out of the remaining proceeds of the mortgage, and that he failed them. They ask to be made whole, as though they held unimpaired lien claims. Five of them allege that they, assured by the promise, refrained from perfecting their liens; the sixth has a lien and judgment against the builder and owner; recovery against the complainant, as mortgagee, is pending at law.
The allegations, if proved, would not make a case of fraud unless also it be shown that at the time of the promise it was the intention to violate it; otherwise it would amount to nothing more than a breach of contract. The agreements of subordination, in terms, preclude a consideration of the allegations in that it is therein stipulated that they were "delivered unconditionally and without any understanding or agreement had except as herein expressly provided for." This estops, unless there be fraud, and none is shown. The master, however, found on the merits that there was no promise and in this the proofs and the history of this building operation sustains him: The owner was defunct. All there was of funds to pay for labor and material was the remnant proceeds of the mortgage. That was not enough to go around, and so it was spread pro rata among the lien claimants and each got his share, and each acknowledged the superiority of the mortgage because from it came their shares. The court agrees with the master that the subordination agreements were not induced by a promise of future payment, and that they were not executed upon condition of the promise being kept. *Page 424 
The defendant Sellers Sales Corporation set up this additional plea in avoidance of its subordination agreement: That it had not only a mechanics lien on the land for the price of fixtures installed by it in the apartment house, but it has, as well, a lien on the fixtures by virtue of a conditional bill of sale, and inasmuch as it subordinated its lien on the land only, its agreement is inoperative in respect of its lien on the fixtures and it retains superiority over the complainant's mortgage on the real estate. The defendant supplied refrigerators, gas ranges, cabinets and closets for the forty-one apartments of the building and by conditional bill of sale, duly recorded, reserved the title to the fixtures until the price was paid. The refrigerators were part of the apartment's refrigeration system and they and the ranges and other articles were affixed to and became an integral and indispensible part of the structure. A replevin suit to recover the property was stayed by injunction in this suit. Admitting that the defendant had a lien on the land by law and on the goods by its contract (Otis Elevator Co. v. Stafford,95 N.J. Law 79; 111 Atl. Rep. 695), it is specified in the subordination agreement that it includes all liens however acquired upon the land and it further provides that the defendant will not remove any goods it had installed. Fixtures are in law regarded either as personal or real property, depending upon the intention with which they are annexed to the realty. As between the defendant and vendee, they unquestionably are personal property. Campbell v. Roddy, 44 N.J. Eq. 244. Here, however, as to the complainant's mortgage, it was not only the intention, implied in the subordination agreement, that thenceforth they were to continue attached to the realty as part of it, but the defendant expressly agreed not to remove them and to hold its dual liens subject to the mortgage encumbrance. If there was not a change from the personalty to realty, the defendant is estopped from denying that there was. The claim of the defendant that the provision not to remove the fixtures was not in the subordination agreement when it was signed, was held by the master to be not established. In this there is concurrence. *Page 425 
All the other agreements contained the same stipulation and they were not denied.
Further, the complainant's mortgage antedates and was recorded before the defendant's conditional bill of sale was executed, and the fixtures were conditionally sold and annexed to the land without the complainant's express assent. If they are so affixed that they cannot be removed without material injury to the freehold, the conditional bill of sale is void as to the complainant, under the seventh section of the Conditional Bill of Sales act. Under the first sub-provision of that section, material injury resulting from detaching fixtures determines the nature of their property here. The intention with which they were affixed becomes secondary. Material injury in detaching, not intention in attaching, is the test. Now, when it is considered that the refrigerators and gas ranges are part of the plant of an apartment house and that the building as an apartment house cannot function without them, it may well be doubted that they are removable without material injury to the freehold as against a mortgagee which advanced its money in contemplation of a completed structure. See General Electric Co. v. TransitEquipment Co., 57 N.J. Eq. 460. They are no more removable without material injury than would be the carrying away of the front door, although the unhinging of the door would be less difficult. The word "material," as used in the statute in one sense, means material injury to the structure, but it also connotes injury to the institution of which the structure is a part. In Crown v. Regna Construction Co., 104 N.J. Eq. 469,
the point was not decided. It was there admitted for the purposes of the decision that the fixtures sold conditionally retained their character of personal property, and in ManufacturingBuilding and Loan Association v. Public Service Electric andGas Co., 106 N.J. Eq. 68, the vendor did not install the fixtures and it was in the conditional bill of sale stipulated that they were not to be permanently attacked to realty, and also it appeared that the complainant's mortgage was taken after and with notice of the conditional bill of sale and upon these circumstances the court decided *Page 426 
that the fixtures retained the character of personal property and that a postponement to complainant's real estate mortgage was inoperative. The subordination agreement of the Sellers Sales Corporation is held to be an admission that the fixtures were not removable without material injury.
The exceptions are overruled.