In this mortgage foreclosure suit, the West Coast Distributing Company was a defendant, holding a subordinated mechanics' lien. It was restrained from prosecuting its mechanics' lien suit to judgment. The mortgaged premises were sold pendente lite and a final decree was entered in line with the opinion reported in107 N.J. Eq. 422, barring this defendant.
After the decision, that the complainant's mortgage was superior to the defendants' mechanics' lien, the defendant filed a petition in which it disclosed that under an execution of a judgment recovered against the mortgagor in the mechanics' lien suit, it levied on $10,000 of the mortgage-money in the hands of the attorney of the complainant, as the property of the mortgagor, and it prayed that the complainant and its attorney be ordered to pay the judgment out of the fund. The facts concerning the supposed fund *Page 59 
are these: The mortgage was for $160,000 and the money was to be advanced as the building of an apartment house on the mortgaged premises progressed and releases of mechanics' liens were furnished or the liens subordinated to the mortgage. For convenience, the complainant deposited the mortgage-money in a bank to the credit of "Future Building and Loan Association, trustee account," upon which its attorney had authority to draw to make advances, maintaining the integrity of its mortgage. There were three installments of deposits. The attorney checked out the first two and all but $10,294.79 of the last, which the attorney returned to the complainant. Later the complainant paid out $3,700 to mechanics' lien holders. The complainant's decree was for the face of the mortgage less the money withheld. The sale resulted in a deficiency of over $10,000.
The levy was upon the money not advanced. The balance of the mortgage-money was not advanced because, as the complainant alleges, the mortgagor failed in his covenants and under the terms of the mortgage the complainant had the right to stop when that occurred.
The levying creditor claims that the unexpended money belongs to its debtor, the mortgagor. The title to the money obviously did not pass to the mortgagor by its segregation for the purposes of the mortgage. It remained the complainant's property, held in its trust account and whether it is owing to the mortgagor and payable to him and consequently leviable is a question which it is not the privilege of this court to decide in these proceedings.
The relief sought by the petition is wholly alien to the foreclosure suit. The subject-matter is one of personal liability of the complainant, an independent cause of action, in no manner involved or drawn into that litigation, which has been concluded. And, unrelated, it cannot be tacked on by petition simply because the litigants are the same parties. As a summary proceeding, to enforce an independent cause for action, it is entirely out of place in the foreclosure suit.
Conceivably, the meritorious question raised by the petition could be adjudicated in this court incidentally to an *Page 60 
otherwise equitable cause for action, but not, as here, the naked question. No doubt the right acquired by the levy could be enforced by bill in aid of the legal right were there not a plain remedy at law. The levy on rights and credits is purely statutory, and of recent origin (Cum. Supp. Comp. Stat.p. 1205), and for its vindication the legislature has vested the court in which the judgment is recovered with ample power and machinery to compel a garnishee to respond. Resort to equity is unnecessary.
The petition was improperly filed in the foreclosure suit, and as a plenary action it discloses rights for which the law courts furnish an adequate remedy.
The petition is dismissed.