The complainant is the holder of a second mortgage, dated during the year 1925, upon premises in Atlantic City, said premises being an apartment house of considerable size. These proceedings have gone to a final decree, execution issued thereon and the property advertised for sale.
The Atlantic City Kelvinator Company, Incorporated, is engaged in the business of selling electric refrigerators, and *Page 415 
the Refrigeration Discount Corporation alleges that it is in the business of financing electric refrigerators.
On July 7th, 1930, defendant corporation Walter J. Satterthwait, Incorporated, made a conditional sale contract with the Atlantic City Kelvinator Company, Incorporated, for the furnishing and delivery of sixty-three refrigerator cabinets, together with sixty-three cooling units, to be installed in the Barclay Court Apartments, the premises in question, the sale price being $10,662, which included finance charges of $1,680, $1,000 being paid in cash, the balance to be paid in installments of $270 each, on the first day of each month; that on October 11th, 1930, a copy of said conditional sale contract was filed in the office of the county clerk of Atlantic county, and that on August 19th, 1930, said sales contract was assigned to the petitioner, Refrigeration Discount Corporation, and accepted by it on October 3d 1930; that the sales contract contained a statement signed by the conditional vendor, briefly describing the realty, and stating that the goods were to be affixed thereto. Petitioner further states that on October 11th, 1930, said refrigeration equipment was duly installed and affixed, in detachable functional units, and in such a manner as to be severable, without material injury to the freehold.
It should be said, however, that the proofs show clearly that these units, refrigeration cabinets and cooling units, were connected by pipes running through and between the walls of this apartment house, and that said pipes were installed by the Kelvinator Company.
Using the language of Vice-Chancellor Backes in FutureBuilding and Loan Association v. Mazzocchi, 107 N.J. Eq. 422,
the complainant's mortgage antedates and was recorded before the petitioner's conditional bill of sale was executed, and the fixtures were conditionally sold and annexed to the land without the complainant's express assent. If they are so affixed that they cannot be removed without material injury to the freehold, the conditional bill of sale is void as to the complainant, under the seventh section of the Conditional Bill of Sales act. P.L.1919 p. 462. Under the *Page 416 
first sub-provision of that section, material injury resulting from detaching fixtures determines the nature of their property here. The intention with which they were affixed becomes secondary. Material injury in detaching, not intention in attaching, is the test. Now, when it is considered that the refrigerators and cooling units are a part of the plant of an apartment house, and that the building as an apartment house cannot function without them, it may well be doubted that they are removable without material injury to the freehold as against a mortgagee which advanced its money in contemplation of a completed structure. They are no more removable without material injury than would be the carrying away of the front door, although the unhinging of the door would be less difficult. The word "material" as used in the statute in one sense means material injury to the structure, but it also connotes injury to the institution of which the structure is a part.
In the present case, the petitioner insists that if he can remove without material (meaning physical) injury to the property of the complainant, the refrigerators and cooling units, and leave that portion of his installation, namely, the pipes and other attachments in the walls, that those portions of his installation which he can detach remain personal property, while those portions of his installation which cannot be detached must remain in the building as a part of the realty.
This proposition is untenable. Of course, had the owner installed these pipes and the contract provided for the installation of the compressors, freezers, c., to these pipes, in a manner so as to be easily severable, without material injury to the freehold, as was done in Manufacturers Building and LoanAssociation of Newark v. Public Service Electric and Gas Co.,106 N.J. Eq. 68, the refrigerators and cooling units would remain personalty.
I will advise an order that the order to show cause in this cause be dismissed. *Page 417