RUSS DISTRIBUTING CORPORATION, PLAINTIFF-RE-SPONDENT, v. BERTHA LICHTMAN, DEFENDANT-APPELLANT.

Submitted February 17, 1933—Decided May 25, 1933.

For the appellant, *Joseph J. Corn.*

For the respondent, *Fred G. Stickel, Jr.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. The Bishop Electric Refrigeration Company entered into a conditional sale contract June 19th, 1928, with one Max Rosenberg, to furnish and install a refrigerating system in an apartment house known as 109 Johnson avenue, Newark. Title to the premises was, at the time, in the Dorma Construction Company, and appellant was the holder of a mortgage covering the land and building and which antedated the conditional sale contract. Just what position or relation, if any, Rosenberg occupied toward the premises does not definitely appear although it is said he represented himself as being the owner thereof to the refrigeration company.

Under the before referred to contract there was installed in the building a refrigerating plant consisting of three compressors located in the basement. These were connected up by pipes or risers carried up through the floors and connect-

ing with thirty-five coils contained in thirty-five cabinets, one in each apartment. The total contract was $5,250 upon which a single payment of $500 was made. This contract appears to have subsequently become the property of the respondent. On January 16th, 1931, a proceeding in replevin was instituted by the respondent, and under the writ, the compressors, and all the cabinets and coils were removed from the premises, so that nothing of the refrigerating system remained therein except the risers before referred to.

In the meantime and on November 9th, 1929, appellant had become the owner of the premises by purchase at a sale under proceedings for the foreclosure of her mortgage before referred to.

The conditional sale agreement was filed in the office of the register of deeds of Essex county on November 2d, 1928. The appellant had no notice of the conditional sale contract and did not assent to the reservation of property in the vendor.

The trial court at the conclusion of the trial of the action in replevin directed a verdict in favor of the plaintiff-respondent upon the ground that in removing the parts of the system "all they had to do was uncouple the coupling and take the units out and that there was no material damage to the freehold or actual injury by the removal. They did not injure it in any way."

The uncontradicted proof was that the compressors stood on the cellar floor and were coupled up to the tubing or pipes which ran to the several apartments and there were coupled to the cooling units in each cabinet which latter stood on the floor and were not permanently attached or fastened thereto.

From the judgment entered upon such verdict, the appellant, defendant below, appeals.

"Material injury to the freehold" as used in the Uniform Conditional Sales act (*Pamph. L.* 1919, *ch.* 210, *p.* 461), has been definitely construed and defined by this court, with respect to equipment such as refrigerating plants in apartment houses, as in one sense being physical injury but in another "injury to the institution of which the structure is a part." *Domestic Electric Co.* v. *Mezzaluna,* 109 *N. J. L.* 574, ap-

proving *Future Building and Loan Association* v. *Mazzocchi*, 107 *N. J. Eq.* 422; *MacLeod* v. *Walter J. Satterthwait, Inc.*, 109 *Id.* 414; *affirmed*, 113 *Id.* 238.

These authorities make it perfectly apparent that it was error to direct a verdict in favor of the plaintiff below, as was done, but that, on the contrary, had the court been so moved, which it was not, a verdict should have been directed in favor of the defendant below.

This conclusion is dispositive of the matter before us and it becomes unnecessary to consider any other grounds urged for reversal.

The judgment under review is reversed.

BODINE, J. (Dissenting.) The plaintiff, the conditional vendor, by replevin sought to recover a certain electric refrigeration system installed in an apartment house in Newark. The building was built and mortgaged before the refrigeration system was installed. The contrivance was sold under the usual recorded conditional sales agreement, specifying that title remained in the vendor until payment. The installation was in such manner that the compressors and boxes, making up the system, could be removed by uncoupling from the connecting pipes which still remained in the building. There was, as the proofs showed, no material injury to the freehold. Since the apparatus was installed in a completed building, it was not indispensable to the building as an apartment house. *Domestic Electric Co.* v. *Mezzaluna*, 109 *N. J. L.* 574; *Reliable Building and Loan Association* v. *Purifoy*, 111 *N. J. Eq.* 575. The direction of a verdict in favor of the plaintiff in a suit against a purchaser at a sheriff's sale on the foreclosure of a mortgage prior to the conditional sales agreement is challenged on this appeal.

Section 7 of the Conditional Sales act (2 *Cum. Supp. Comp. Stat., p.* 3131), in part, provides: "If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become part thereof, but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subse-

quent purchasers of the realty for value and without notice of the conditional seller's title, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are or are to be affixed thereto, shall be filed before such purchase in the office where a deed of the realty could be recorded or registered to affect such realty."

In *Campbell* v. *Roddy,* 44 *N. J. Eq.* 244, when an engine boiler and machinery, subject to a chattel mortgage, were annexed to mortgaged realty, it was held: "That the lien of the chattel mortgage should be protected, so far as it would not diminish the security which the real estate mortgagee would have had if the annexation had not been made."

In the present case, the mortgagee could not have relied upon the subsequently annexed refrigeration system, nor was the same essential to the apartment house since the same was originally not equipped with such devices. Further for all that appears, the uncoupling did not materially injure the freehold.

Mr. Justice Holmes, in *Holt* v. *Henley,* 232 *U. S.* 637, speaking of a sprinkler system installed in a completed mortgaged building said: "Removal would not affect the integrity of the structure on which the mortgagees advanced. To hold that the mere fact of annexing the system to the freehold overrode the agreement that it should remain personalty and still belong to Holt would be to give a mystic importance to attachment by bolts and screws."

In a later case, *Detroit Steel Cooperage Co.* v. *Sistersville Brewing Co.,* 233 *U. S.* 712, 716, he said respecting tanks in a brewery: "The tanks were essential to the working of the brewery, and after they were installed the opening into the recess in which they stood was bricked up. It may be assumed that they became part of the realty as between mortgagor and mortgagee, but that is immaterial in equity, however, it may have been at the old common law. The question is not whether they were attached to the soil, but we repeat, whether the fact that they were necessary to the working of the brewery gives a preference to the mortgagee. We see no sufficient

ground for that result. This class of need to use property belonging to another is not yet recognized by the law as a sufficient ground for authority to appropriate it. If the owner of the tanks had lent them it would be an extraordinary proposition that it lost title when they were bricked in. That it contemplated the ultimate passing of title upon an event that did not happen makes its case no worse except so far as by statute recording is made necessary to save its rights. The common law knows no objection to what commonly is called a conditional sale."

The recording act protected the conditional vendor's property and preserved the right to recover the chattel as against a subsequent purchaser. Gas ranges were held, in *Madfes* v. *Beverly Development Corporation*, 251 *N. Y.* 12; 166 *N. E. Rep.* 787, to retain their character as chattels even after attachment and without the recordation of the agreement. It is enough, however, for a decision of this case to hold that a refrigeration system installed in a completed building may, by virtue of a recorded conditional sales agreement, preserve its identity as a chattel when removable without material injury to the freehold as against a purchaser with constructive notice of the agreement.

*For affirmance*—BODINE, HEHER, VAN BUSKIRK, DEAR, WELLS, DILL, JJ. 6.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, DONGES, KAYS, HETFIELD, JJ. 8.