INDEPENDENT AETNA SPRINKLER CORPORATION, A CORPORATION, PLAINTIFF-RESPONDENT, v. SIDNEY KENT MORRIS, DEFENDANT-APPELLANT.

Argued May 22, 1934—Decided October 5, 1934.

For the defendant-appellant, *Hershenstein, O'Brien & Tartalsky.*

For the plaintiff-respondent, *Colie & Colie.*

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment entered in favor of the plaintiff upon a verdict by a jury in a trial before the Hudson County Circuit Court.

The action was in replevin to recover an automatic wet pipe sprinkler system and fire extinguishing apparatus (hereinafter spoken of as sprinkler system) installed by the plaintiff in a three-story brick business and office building in Jersey City.

The defendant was the owner of the premises and on February 26th, 1929, he leased the same to the Frantella Realty Corporation for a term of fifty years.

The lease was recorded. It provided that the lessee should raze the buildings and erect a commercial building upon the demised premises "conforming to the local building code." The lessee agreed to comply with all ordinances and regulations of the city, or other public authority. It was further provided that the building and all improvements made by the lessee were to become the property of the lessor and that all improvements with all fixtures were to remain upon and be surrendered with said premises as a part thereof at the termination of the lease; and that the lessor should not be liable for any materials furnished and that no lien for work performed or materials furnished to the lessee upon credit should attach to or affect the reversionary or other estate or rights of the lessor.

The Frantella Realty Corporation thereupon entered into an agreement with the D. & A. Construction Corporation, dated July 15th, 1929, for the erection of the new building, which agreement, together with the plans and specifications, were duly filed in the Hudson county register's office on July 24th, 1929, whereby the contractor agreed to complete the new building according to the plans of the architect and to comply with all municipal rules, regulations and orders affecting the premises.

On November 23d, 1929, the plaintiff entered into a conditional sales agreement, duly recorded, with the D. & A. Construction Corporation, for the installation of the sprinkler system, whereby the equipment should be and remain the property of the plaintiff until paid for.

The building code of Jersey City provided that a corner building of this kind could not cover more than six thousand square feet but if the building was completely equipped with

a system of automatic sprinklers, this area could be increased fifty per centum. The building in question covered an area of approximately eight thousand three hundred square feet, and therefore a sprinkler system was required, and under the ordinance of Jersey City the building could not be used for any purpose without it.

There was testimony indicating that the system was removable by unscrewing the sprinkler heads from the stringers and the fittings holding the stringer pipe and unscrewing the hangers from the joists. The removal would leave in the building about eight hundred holes of various sizes. There was evidence by experts that the system could be removed without material injury to the freehold, and that the plaintiff tendered itself ready at its own expense to repair whatever damage was done to the building in the removal.

The sprinkler system was not paid for in full by the D. & A. Construction Corporation, although the corporation itself was paid the full price of its contract.

The Frantella Realty Corporation defaulted in the payment of its rent and the lease was terminated by dispossess proceedings and the defendant became revested with the possession of the property and plaintiff demanded possession of the sprinkler system and apparatus, which was refused. The present suit was thereupon brought and there was a stipulation as to the amount of damages in the event that the verdict was in favor of the plaintiff, and judgment was entered for this amount.

The *first* point argued by appellant for reversal is that the court should have directed a verdict for the defendant because from the evidence it was established as a matter of law that the sprinkler system was so affixed to the realty that it was a part thereof and was not severable wholly or in any portion without material injury to the freehold.

The appellant bases his motion upon the Uniform Conditional Sales act (*Pamph. L.* 1919, *ch.* 210), and three cases decided by this court construing said act, to wit, *Domestic Electric Co.* v. *Mezzaluna,* 109 *N. J. L.* 574; *MacLeod* v. *Satterthwait,* 109 *N. J. Eq.* 414; *affirmed,* 113 *Id.* 238; *Russ Distributing Corp.* v. *Lichtman,* 111 *N. J. L.* 21. All of

these cases deal with the right of the conditional vendor to remove a refrigerating system from an apartment house.

The right to remove such apparatus is controlled by section 7 of the said Uniform Conditional Sales act (*Pamph. L.* 1919, *p.* 462), the pertinent paragraphs of which read as follows:

"If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become a part thereof and not to be severable wholly or in any portion without material injury to the freehold, the reservation of property as to any portion not so severable shall be void after the goods are so affixed, as against any person who has not expressly assented to the reservation. \* \* \*"

"As against the owner of realty the reservation of the property in goods by a conditional seller shall be void when such goods are to be so affixed to the realty as to become part thereof, but to be severable without material injury to the freehold, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are to be affixed thereto, shall be filed before they are affixed, in the office where a deed would be recorded or registered to affect such realty."

The defendant did not expressly assent to the reservation of property in plaintiff, but plaintiff insists that since he has followed the statutory mandate as to filing, the right to remove is made solely dependent upon whether or not the goods are severable without material injury to the freehold.

Appellant, however, says that the present case is controlled by the three above cited cases.

In *Domestic Electric Co.* v. *Mezzaluna, supra,* and *Mac-Leod* v. *Satterthwait, supra,* the court held, that as the refrigerating system was installed as an entire unit, the system must be considered as a whole, and that while portions of the equipment might be removed without physical damage to the realty, yet the parts replevied were so affixed to the realty as to become a part of a plant essential to the functioning of the building as an apartment house, and applying the provisions of section 7 of the statute they could not be removed without material damage to the freehold.

In *Russ Distributing Corp.* v. *Lichtman, supra,* the chancellor, speaking for this court, said: " 'Material injury to the freehold' as used in the Uniform Conditional Sales act (*Pamph. L.* 1919, *ch.* 210, *p.* 461), has been definitely construed and defined by this court, with respect to equipment such as refrigerating plants in apartment houses, as in one sense being physical injury but in another 'injury to the institution of which the structure is a part.' "

We are not inclined to adopt appellant's view that the construction of this statute should be extended so as to include a sprinkler system in the same category with a refrigerating or heating system.

The building in question would serve all of its use, so far as the tenants are concerned, without a sprinkler system.

True, it was necessary in order to satisfy the requirements of the ordinance and regulations of the building code of Jersey City that the sprinkler system should be installed in a building of this size. This requirement was obviously for fire protection. The tenants, however, could have used this building equally as well without a sprinkler system as with one. It was in no sense a device set up for the rendering of service to the occupants of the building and, therefore, we cannot say that as a matter of law, the removal of the sprinkler system would constitute an injury to the "institution" of which the structure is a part, and thereby cause "material injury to the freehold."

The case seems to come rather within the rule laid down by this court in *H. G. Vogel* v. *295 Halsey St.,* 109 *N. J. L.* 83. That case dealt with the removal of an automatic sprinkler system installed in the same manner as the system in this suit and this court held that the question of whether the system was removable without material injury to the freehold was properly a question for the jury.

In that case also was involved the question of the effect of a local ordinance which required that the building in question should have a sprinkler system installed before it could be licensed as a garage, and this court held that this question was merged in the first and if it was entitled to any consideration, was a question of fact for the jury to answer.

The court in its charge to the jury in the instant case left with them the question of the effect to be given to the provision of the local ordinance, cautioning them that the provisions thereof were not controlling.

We think that the court properly left the question of the severability of the sprinkler system without material injury to the freehold, to the jury, and we, therefore, find no error in his refusal to direct a verdict for the defendant, on this ground.

Appellant's *second* point is that the plaintiff's conditional sales contract was subject to the prior recorded lease between defendant and the Frantella Realty Corporation, which prohibited the removal of the equipment and that the court should have directed a verdict because of this. We think not.

Section 7 of the Uniform Conditional Sales act, quoted *supra,* governs the legal relationship of the parties in this action.

The lease contemplated only the fixtures which belonged to the lessee. The owner did not part with anything, nor change his position by reason of the installation of this apparatus, so far as the record shows. The sprinkler system was personal property and the mere fact that the lease was recorded could not affect the rights conferred upon plaintiff by the statute.

We find no merit in appellant's second point.

Appellant's *third* point is argued under seven separate headings, involving ten requests to charge, the refusal whereof appellant says is reversible error. These are discussed in appellant's brief under subheads A., B., C., D., E., F. and G. We shall take them up in this order.

The requests which were refused were in substance as follows:

A. The defendant was not a party to plaintiff's conditional sales contract and is, therefore, not bound by its provisions.

We think this request was properly refused. The conditional sales contract was duly filed before the sprinkler system was affixed. That being so, the rights of the parties were fixed by the statute, irrespective of whether there was privity of contract between the plaintiff and defendant.

B. "If you find from the evidence that the automatic sprinkler system was installed at the time of the construction of the building and as an integral and vital part thereof, then your verdict must be for the defendant."

This is not the law. The test under section 7 of the statute is whether the system was severable without material injury to the freehold.

C. This was a request, which, after reciting a number of facts such as the filing of the building plans and the approval of the system and asserting that the building could not have been erected or occupied as it is unless the sprinkler system was in the building, asked the court to charge the jury that if they found from the evidence that by the removal of the system the owner could not use the premises as a business and office building, then such removal would constitute material injury to the freehold and their verdict must be for defendant.

Aside from the fact that the request is bad because it incorporates a number of immaterial facts, it is also bad in that it erroneously states the law.

It makes the ordinance of Jersey City controlling rather than leaving it to the jury as one of the elements to be considered in determining whether the system was removable without material injury to the freehold.

We said in *H. G. Vogel* v. *295 Halsey St., supra,* that the provision of an ordinance is merely a circumstance to be considered by the jury in making its decision.

D. This request had to do with the construction of the words "material injury" as used in the statute and as construed by this court in *Russ Development Co.* v. *Lichtman, supra,* and *Domestic Electric Co.* v. *Mezzaluna, supra.*

It sought to apply the same test to a sprinkler system in a store and office building as was applied to a refrigerating and heating system in an apartment house, and the court was asked to charge the jury that it was not to consider merely whether the sprinkler system is severable or removable, but that if they found from the evidence that the removal of the system would prevent the building from being used as an office and business building, then the removal would consti-

tute *material injury* to the freehold, and their verdict must be for the defendant.

This may be the test involving refrigerating and heating systems in apartment houses, but for reasons hereinbefore stated, we do not think it is applicable to sprinkler systems in office and store buildings.

E. This was a request to charge a particular fact concerning the conditional sales contract. The court was not obliged to single out an isolated fact and charge it. Furthermore the contract itself was in evidence for the jury's perusal.

F. Under this subdivision the appellant argues three requests to charge, which were refused by the court. They all had to do with what this court had held in other cases involving refrigerating equipment and they all contained abstract propositions of law and recited facts not from the instant case but from cases not before the jury for consideration.

They were properly refused.

G. The two requests argued by appellant under this subdivision had to do with the availability of the records in the Hudson county register's office to the plaintiff and the plaintiff's duty to ascertain what rights the D. & A. Construction Corporation had in the property; and asserted that the plaintiff was charged with the notice of the lease which was recorded prior to the making of the conditional sales contract.

We think these requests were properly refused.

The knowledge or lack of knowledge by the plaintiff of the provisions of the lease would not alter its right to remove the system.

If the jury found, as it did, that the system could be removed without material injury to the freehold, then the system was personal property and not real estate and the records appertaining to the status of the title of the premises in question as real estate, had no bearing on the subject-matter of the dispute.

We find no error in the court's refusal to charge any of the defendant's ten requests to charge.

Under appellant's *fourth* point, he alleges that the court erred in two of its charges to the jury. The first charge

complained about was one made at the request of the plaintiff as follows:

"The question of severability or non-severability is one of fact and is not controlled by the local ordinance of the city of Jersey City."

Appellant excepted to the charge as follows:

"I desire to take an exception to your honor's charging the request of Mr. Colie as charged; that the ordinance is not to be considered; my point being that it can be considered as some evidence."

This exception is clearly defective. The court did not charge that the ordinance was not to be *considered* but that it was not to be *controlling*. The charge, as delivered, correctly states the law as enunciated by the court in *H. G. Vogel* v. *295 Halsey St., supra.*

The second complaint as to the court's charge is that the court erred in charging the jury on the definition of the word "freehold" and on the definition of the words "material injury." The court said that "freehold" meant the premises as they are to-day and that "material injury" meant substantial injury. It may be that the court did not define these words in exact legal terms but we think that the definitions were sufficient to give the jurors the proper understanding of the meaning of the words.

We see no harmful error in the court's definitions.

Under his *fifth* point, the appellant says that the trial judge erroneously prohibited counsel for appellant from reading to the jury in summation the law as laid down by this court in *Russ Distributing Co.* v. *Lichtman, supra,* and *Domestic Electric Co.* v. *Mezzaluna, supra.*

It is not customary, and surely not compulsory, for the court to permit counsel to read authorities to the jury. To say the least, it is discretionary.

The *sixth* point argued by the appellant is that the trial judge erred in sustaining the objection of plaintiff's counsel to questions asked plaintiff's witnesses, William R. Ritz and Charles B. Miller, on cross-examination.

Ritz was asked—"Do you know whether a search was made to find out what right or interest the D. & A. Construction

Corporation had other than a contract with the Frantella Realty Company?"

This evidence was irrelevant and immaterial.

The second question to Ritz was: "And isn't it a fact then, that if you remove this sprinkler system that the building cannot be used by the owner?" The purpose of this question was to obtain from the witness his opinion as to the effect of the Jersey City ordinance so far as the use of the building by the owner was concerned. It was admitted that the ordinance prohibited the use of the building as an office building, without the sprinkler system was in it, and, therefore, an exclusion of the answer to this question, if it was material, was harmless.

Neither do we find any error in the cross-examination of Charles B. Miller, an expert for the plaintiff. He was asked questions which were not material, such as whether or not he would say that a fixture in the court room above the head of Juror No. 8, could be removed, and whether the removal of the plumbing in the court house building, running to the various toilets would be material injury to the freehold. These questions had no relevancy whatever and were properly overruled by the court.

The last point argued by appellant is that the trial judge erred in sustaining the objection of plaintiff's counsel to the question propounded on direct examination to defendant's witness, Thomas J. Walsh.

Walsh was the superintendent of the building and was asked the following question: "Can you tell us whether or not from your actual knowledge of this particular building and this system, whether in your opinion it can be removed with or without injury to the premises?"

There was no testimony indicating that Walsh had ever any experience in the removal of sprinkler systems or any part thereof from buildings. Walsh was not an expert and the question was one to be answered not by him but by the jury.

Furthermore the question was objectionable, because the test under the statute is not whether there would be "any" injury but whether there would be "material" injury.

We find no merit in any of the points raised on this appeal and are of the opinion that the judgment of the Hudson County Circuit Court should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD PARKER, LLOYD, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, JJ. 12.

*For reversal*—THE CHANCELLOR, CASE, KAYS, JJ. 3.