WILLIAM P. LUMPKIN and PATTIE G. LUMPKIN, respondents,

*v.*

HOLLAND FURNACE COMPANY, INCORPORATED, appellant, and EDWARD GESCHKE, JR., EDNA GESCHKE; GEORGE HUBER, HARRY LEVINSKY and C. J. SEIBEL, defendants.

[Submitted February term, 1935. Decided May 17th, 1935.]

314

*Mr. Leon H. Rose,* for the appellant.

*Mr. Joseph Beck Tyler,* for the respondents.

The opinion of the court was delivered by

LLOYD, J.

The controversy is over a conditional sale contract for the installation of a Holland furnace system, and is between the Holland company and a prior mortgagee. On a bill to foreclose the mortgage a decree for the complainant resulted, and the defendant appeals.

The mortgage, on a dwelling house and lands, was executed on July 10th, 1929. Default in the payment of interest subsequently occurring, foreclosure proceedings were instituted and the Holland company was made a defendant. To the bill the latter filed an answer and counter-claim setting up that a heating system sold by it and erected in the house was a complete unit of standard pattern, not specifically constructed for the premises described in the complaint, and that it was sold upon a conditional sale agreement reserving the title in the seller. It prayed that the court decree the title and ownership of the system to be in the Holland company.

It appeared in the proofs that the system installed by the Holland company was in replacement of a pipeless heater and fittings which were in the property at the time the mortgage was created, and which had been there for a period of ten

years. While the contract did not so provide, the proofs showed that the Holland company tore out the old heating system in order to install its own. It further appeared, as is of course obvious otherwise, that artificial heat is essential in this climate to a dwelling house during the cold months of the year.

The Conditional Sales act of 1919, chapter 210, page 461, provides in section 7 that "if the goods are so affixed to realty at the time of the conditional sale or subsequently as to become a part thereof, and not to be severable wholly or in any portion without material injury to the freehold, the reservation of property as to any portion not so severable shall be void after the goods are so affixed, as against any person who has not expressly assented to the reservation."

There was no express assent by the mortgagee to the installation of the heating plant and the reservation of property. In this situation the question presented is whether the system, or any of its essential parts, could be removed without material injury to the freehold.

Whether removal could be effected without doing material physical damage to the building, considered alone as such, was a disputed question of fact at the trial, and an adverse finding on this phase of the case was amply justified by the proofs.

There is, however, a broader question involved. In the case of *Domestic Electric Co.* v. *Mezzaluna, 109 N. J. Law 574,* which was the sale and installation of a refrigerating plant in an apartment house (original as a system of refrigeration) it was held that title in that case could not be reserved in the seller, and the equipment or its parts removed without material injury to the freehold. The ground upon which this conclusion was reached was that the act, as applied to the given case, contemplated something more than the mere physical injury which might result from the severance of the equipment or its parts from the building considered as a building alone, and that it connoted injury to the apartment house as an institution as well. It was commented in the opinion that "refrigeration in this day of advanced domestic housekeeping is almost as essential as gas ranges or other

cooking and heating equipment." It was further said that if the heating equipment were a heating plant comprising boilers, radiators, piping, &c., it would hardly be contended that the pipes, radiators, or other essential parts of the heating system could be separated from the whole and removed without material injury to the freehold. This has been followed and reiterated in *Russ Distributing Corp.* v. *Lichtman, 111 N. J. Law 21.*

While a private dwelling house may not be deemed to be an institution within the strict meaning of the word as commonly understood, and while the installation of an entire new equipment which may be easily severable from the freehold without doing material injury to the building as such, may not come within the purview of the cited case, yet where the installation to which title is sought to be reserved is but the replacement of other equipment already existing and serving the needs of the property, it cannot, we think, be said that the removal can be effected without material injury to the property when its needs and uses are taken into consideration. A heating plant in a dwelling house in this climate is as essential as doors and windows. While the latter may be removed from their hinges without doing material injury to the remainder of the building, in a purely physical sense, yet depriving a dwelling of all means of excluding cold on the one hand and providing warmth on the other cannot be contemplated without recognizing material injury as a result. Where as here, it is but a replacement of one type of equipment for another, title cannot be reserved as against a prior mortgagee without doing violence to the broader intent of the statute.

The decree is affirmed.

*For affirmance*—The Chief-Justice, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Kays, Hetfield, Dear, JJ. 11.

*For reversal*—Van Buskirk, Wells, JJ. 2.