SECOND DISTRICT COURT OF HUDSON COUNTY.

MUGLER AUTO PIT COMPANY, INCORPORATED, v. TIDE WATER OIL COMPANY.

Decided May 25, 1936.

For the plaintiff, *Herman E. Dultz.*

For the defendant, *Benedict Krieger.*

CARNEY, D. C. J.   This is an action in replevin in which the plaintiff seeks to recover from the defendant, possession of a two-car Mugler auto pit, which had been installed in a gasoline station at No. 195 Washington avenue, Belleville, New Jersey; and which station was euphoniously referred to as a lubritorium.  The plaintiff bases its claim on a conditional sales agreement which it made with one, Benjamin Gallison, who was formerly in possession of the lubritorium. The agreement was dated August 16th, 1932, and was filed in the county clerk's office on September 22d, 1932.  The premises came into the possession of the defendant by various lease assignments.

Chief among the many contentions raised by the defendant was the fact that the pit could not be removed without material injury to the freehold; and also, that the agreement, not having been filed in compliance with section 7 of the Uniform Conditional Sales act (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3130, § 182-93), the reservation of title was void.

This case involves an extension of the "institution" doctrine adopted by our Court of Errors and Appeals and most recently reviewed in a learned opinion by Mr. Justice Case, in *Smyth Sales Corp.* v. *Norfolk Building and Loan Association,* 116 *N. J. L.* 293; 184 *Atl. Rep.* 204.  In *Domestic*

*Electric Co., Inc.,* v. *Mezzaluna,* 109 *N. J. L.* 574; 162 *Atl. Rep.* 722, the doctrine was applied to refrigerators in apartment houses—followed in *MacLeod* v. *Walter J. Satterthwait, Inc.,* 113 *N. J. Eq.* 238; 166 *Atl. Rep.* 163; *Russ Distributing Corp.* v. *Lichtman,* 111 *N. J. L.* 21; 166 *Atl. Rep.* 513, and—extended to a private dwelling in *Lumpkin* v. *Holland Furnace Co., Inc.,* 118 *N. J. Eq.* 313; 178 *Atl. Rep.* 788.

The application of the "institution" theory was, however, limited and circumscribed to apartment houses by the case of *Independent Aetna Sprinkler Corp.* v. *Morris,* 114 *N. J. L.* 23; 175 *Atl. Rep.* 102, which concerned a sprinkler system in a store and office building, and followed *H. G. Vogel Co.* v. *295 Halsey Street Co.,* 109 *N. J. L.* 83; 160 *Atl. Rep.* 364, which involved a sprinkler system in a garage. The case of *Smyth Sales Corp.* v. *Norfolk Building and Loan Association, supra,* expressly overruled the Independent Aetna Sprinkler Corp. and H. G. Vogel Co. cases, and declares the rule to apply to any structure in the following language (at *p.* 298):

"When a chattel which, clearly is permanently essential to the completeness of a structure, having regard to the character of that structure and the functioning of it in the use for which it was obviously designed, is actually, purposely and lawfully affixed to and into the structure, it becomes, in our opinion, a part of the realty; and if the severance of it will prevent the structure from being used for the purposes for which it was erected or for which it has been adapted, then the article is not severable without material injury to the freehold. By that standard the articles sought by plaintiff are not severable without material injury to the freehold. The willingness on the part of the plaintiff to abandon parts of the equipment does not alter the relationship which the equipment, as a whole, bears to the remaining parts of the structure. In such a situation the degree of affixation is less important than the indispensability of that which is affixed."

Counsel have not directed me and I have been unable to find any case concerning a pit used in the functioning of a lubritorium. In *Layne New York Co., Inc.,* v. *President*

*Hotel Co.,* 111 *N. J. L.* 338; 168 *Atl. Rep.* 442, the court denied the removal of a well used in conjunction with a hotel, saying:

"There seems to be no substantial distinction between the contract in this case and the one for the installation of a refrigerator plant, as in Domestic Electric Co. *v.* Mezzaluna." The situation here involved seems analogous.

Considerable testimony was taken on the method of installation of the pit, the construction of it, the necessary excavation made, the design of the building for the particular purpose of a lubritorium, and the indispensability of the pit for the particular structure, from which it appears to me to be an integral part of the realty and that the removal of it would result in material injury to the freehold interdicted by the principles laid down in *Smyth Sales Corp.* v. *Norfolk Building and Loan Association, supra; B & O Radio, Inc.,* v. *Prudential Life Insurance Co.,* 116 *N. J. L.* 301; 184 *Atl. Rep.* 208.

In view of the above, judgment will be entered in favor of the defendant.