**In re HEROLD et al.**

**No. 5104a.**

District Court, D. New Jersey.

Dec. 29, 1943.

Harry W. Lange, of Jersey City, N. J., for petitioner.

Gross & Blumberg, of Newark, N. J., for debtor.

SMITH, District Judge.

This matter is before the Court on a petition for review filed herein by Clemco, Inc., hereinafter referred to as the Petitioner, pursuant to Section 39, sub. c, of the Bankruptcy Act, 11 U.S.C.A. 67, sub. c. The record before the Court is meager, and, except for the absence of any genuine dispute as to the material facts, might be considered inadequate.

On February 3, 1943, the Petitioner leased the premises at 276 Jelliff Avenue, Newark, New Jersey, to Maurice J. Herold and Charles Urban, hereinafter referred to as the Debtors. Thereafter the Debtors, having entered into possession of the premises under the lease, installed in the building a complete lighting system suitable to their peculiar needs. The system included wiring, outlet boxes, switches, and lighting fixtures.

On October 25, 1943, the Debtors filed in this court an original petition under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. On November 19, 1943, the Petitioner filed a petition in which it alleged, among other things, that the Debtors threatened to dismantle and remove the lighting fixtures, and prayed injunctive relief. The referee in bankruptcy, after hearing, having determined that the lighting fixtures were the property of the Debtors, dismissed the petition. It is the opinion of this Court that the dismissal of the petition was error.

The Petitioner asserted a right to the fixtures under the lease, and particularly clause 6 thereof, which reads as follows:

"That no alterations, additions or improvements shall be made in or to the premises without the consent of the Landlord in writing, under penalty of damages and forfeiture, and all additions and improvements made by the Tenant shall belong to the Landlord."

This clause is clearly determinative of the rights of the parties, and it is unnecessary to resort, as did the referee, to the law of fixtures to ascertain the meaning of its unequivocal language. Parker v. Wulstein, 48 N.J.Eq. 94, 21 A. 623; Ames v. Trenton Brewing Co., 56 N.J.Eq. 309, 38 A. 858, affirmed 57 N.J.Eq. 347, 45 A. 1090; Provident Mutual Life Ins. Co. v. Doughty, 125 N.J.Eq. 442, 6 A.2d 184; Union Bldg. Co. v. Pennell, 3 Cir., 78 F.2d 959. The lighting system, of which the lighting fixtures were an integral part, was an "improvement" within the meaning of the lease, and became the property of the Petitioner (the landlord) upon its installation. Ibid.

The Court of Chancery of New Jersey, construing a similar provision, in the case of Parker v. Wulstein, supra, said; "The word 'improvement' may be said to comprehend everything that tends to add to the value or convenience of a building, or a place of business, whether it be a store, manufacturing establishment, warehouse, or farming premises. It certainly includes repairs of every description. It necessarily includes much more than the term 'fixtures.' Indeed, * * *, it is difficult to conceive any additions made to a building by a tenant for his own convenience in the conduct of the business, which may not properly be included in the term 'improvements.' "

The case of Ames v. Trenton Brewing Co., supra [56 N.J.Eq. 309, 38 A. 864], upon which the referee in bankruptcy relied, does not support his conclusion. There, the Court of Chancery, construing a similar provision, held that the lighting fixtures were "an improvement of the realty." This case is clearly dispositive of the question here presented.

It is urged by the Debtors that the lighting fixtures may be readily removed without material injury to the building. This, however, under the controlling decisions, is not the decisive test. But, even if it were, its application to the facts of the instant case would be of no avail to the Debtors. It is apparent that the lighting fixtures, as an integral part of the lighting system, cannot be dismantled and removed without injury to the lighting system as a unit. Such a removal would be, under the principle established by our State courts, a material injury to the building. Domestic Electric Co., Inc., v. Mezzaluna, 109 N.J.L. 574, 162 A. 722;

MacLeod v. Walter J. Satterthwait, Inc., 109 N.J.Eq. 414, 157 A. 670, affirmed 113 N.J.Eq. 238, 166 A. 163; Russ Distributing Corporation v. Lichtman, 111 N.J.L. 21, 166 A. 513; Lumpkin v. Holland Furnace Co., Inc., 118 N.J.Eq. 313, 178 A. 788. It appears that this test was applied by the referee in bankruptcy, but erroneously.

The order of dismissal heretofore entered by the referee in bankruptcy is vacated and set aside. The Petitioner shall prepare and submit, on notice to the Debtors, a proper order.